UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| CHARLES A. DAVIS, TDOC # 125633 | ) | |
| | ) | |
| v. | ) | NO. 2:11-CV-159 |
| | ) | |
| DAVID SEXTON, Warden, | ) | |

## MEMORANDUM

This *pro* petition for habeas corpus relief under 28 U.S.C. § 2254 is before the Court upon the postal return of correspondence mailed to petitioner at the address he listed in his petition and as the return address on the envelope containing the pleading. The envelope was returned, marked "inactive," (Doc. 3). Verifying this marking is the Felony Offender Information Lookup - Inmate Search area on the Tennessee Department of Correction website, which reflects petitioner's supervision status as "inactive" and the end date of his sentence as August 11, 2011. Available at http://www.tennesseeanytime.org/foil/results.jsp (last visited on February 22, 2012) (a copy of which is contained in the Clerk's Office file).

Clearly, the Court cannot communicate with petitioner without his correct address. Moreover, the Court has authority to entertain a state prisoner's application for a writ of habeas corpus, only on the ground that he is "in custody" in violation of

the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *see also Maleng v. Cook*, 490 U.S. 488, 492 (1989) (A petitioner generally cannot challenge a conviction after his sentence has expired, because he is no longer "in custody" under that conviction.). Given that the information obtained on the TDOC Internet Website indicates that petitioner's sentence has expired, it is unlikely that a federal court has jurisdiction over the petition.

At any rate, this petition will be **DISMISSED WITHOUT PREJUDICE** for want of prosecution, under Fed. R. Civ. P. 41(b).

A separate order will enter.


**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE